THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL WATERMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered January 3, 1986, convicting him of attempted burglary in the second degree (two counts) and criminal mischief in the fourth degree (two counts), after a nonjury trial, and sentencing him to concurrent sentences of imprisonment of one year on each count.

Ordered that the judgment is modified, on the law, by reducing the sentence imposed on the convictions of criminal mischief in the fourth degree to a definite term of six months' imprisonment on each count; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution, and assuming that the trier of fact credited the prosecution's evidence with the full weight that might reasonably be accorded it, the evidence adduced was sufficient to support a finding that the defendant intended to commit the burglaries that he was found guilty of attempting to commit, and that the defendant broke the complainants' windows without having any right to do so or any reasonable ground to believe that he had such right, and, consequently, was guilty of criminal mischief in the fourth degree. Moreover, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). The defendant admitted breaking, without license to do so, a window in each of two apartments, but claimed that he was attempting to retrieve the keys of an acquaintance who had locked herself out of her apartment. However, the defendant's statement to a detective, to wit, that if he had been stopped, "I'd break their heads with my bare hands * * * I wouldn't need the brick", furnished sufficient evidence of his criminal intent. Moreover, we

find, as did the Trial Judge, that the defendant's testimony, taken as a whole, was incredible.

However, since criminal mischief in the fourth degree is a class A misdemeanor, and as none of the circumstances delineated in Penal Law § 70.15 (1) (b), (c), (d) and (e) are applicable, the maximum sentence that the defendant could have received was a definite sentence of six months' imprisonment (see, Penal Law § 70.15 [1] [a]), and the sentence with respect to those counts is modified accordingly. Mangano, J. P., Thompson, Kunzeman and Sullivan, JJ., concur.